# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ARMED FORCES RELIEF AND**
**BENEFIT ASSOCIATION,**

       **Plaintiff,**

v.                                     Case No: 6:21-cv-1404-CEM-EJK

**SHERRYL CHAPPELL, JENNIFER**
**CRAWFORD, CHRISTOPHER**
**CHAPPELL, and ESTATE OF**
**MARY CHAPPELL,**

       **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motions for Entry of Default by Clerk (the "Motions"). (Doc. 23, 25.) Upon consideration, the Motions are due to be granted in part and denied in part.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Fla.*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished). The Court must now determine whether Plaintiff perfected service on Defendants.

### A. Defendant Sherryl Chappell

While Defendant Sherryl Chappell failed to timely respond to the Complaint, she has now properly appeared in the case (Doc. 24) and the Court favors resolving disputes on their merits instead of by default. *See Griffin IT Media*, 2008 WL 162754 at *2 (citing *Florida Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)) ("[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits"); *Microsoft Corp. v. Gunther*, No. 3:07-cv-596-J-32TEM, 2007 WL 4287607, at *1 (M.D. Fla. Dec. 5, 2007) ("Judgments by default are generally not favored and any doubt should be resolved in favor of permitting a hearing on the merits."). Thus, the Court will deny the Motions for entry of Clerk's default against Defendant Sherryl Chappell.

### B. Defendant Jennifer Gail Crawford

Under Rule 12, a party who timely waves service must answer within 60 days after the request for waiver was sent. Fed. R. Civ. P. 12(a)(1)(A)(ii). Here, Plaintiff filed its Complaint on August 25, 2021 (Doc. 1) and filed a waiver of service on September 29, 2021 (Doc. 12) reflecting that Jennifer Gail Crawford executed the waiver on September 22, 2021. (*Id.*) Upon execution, Jennifer Crawford agreed to "no summons [] be[ing] served on [her] and [she] will have 60 days . . . to answer the complaint." (*Id.*) To date, Jennifer Crawford has not responded to the Complaint. Thus, the Court finds that entry of a Clerk's default is appropriate pursuant to Fed. R. Civ. P. 12(a)(1)(A)(ii).

### C. Defendant Christopher Paul Chappell

Federal Rule of Civil Procedure 4(e) provides that an individual may be served by giving a copy of the summons and complaint to the individual, personally. Fed. R. Civ. P. 4(e). The Return of Service indicates that the summons and complaint in this action were served on Christopher Chappell at 19259 Cortez Blvd., Brooksville, Florida 34601. Thus, the Court finds that Plaintiff perfected service on Defendant Christopher Chappell pursuant to Federal Rule of Civil Procedure 4(e).

### D. Defendant Estate of Mary Chappell

Finally, Plaintiff seeks a clerk's default against the Estate of Mary Chappell. Plaintiff states to have served the Administrator for the Estate of Mary Chappell at 140 N. Ocoee Street, Cleveland, TN 37311 on September 22, 2022. (Doc. 23.) The Affidavit of Service notes that Lyndsi Tallman was served with "Interpleader Document" by handing the document to a "front desk staff" person who was "approximately 50 years [sic] old." (Doc. 22.) It is unclear from the information currently before the Court whether service was proper on the Estate of Mary Chappell. Thus, the Court will deny the Motions for entry of default against the Estate of Mary Chappell without prejudice.

### E. Conclusion

Accordingly, Plaintiff's Motions for Entry of Default by Clerk (Doc. 23, 25) are **GRANTED IN PART AND DENIED IN PART** as follows:

1. Default against Defendant Sherryl Chappell is **DENIED**.

2. Default against Jennifer Gail Crawford is **GRANTED**. The Clerk of Court is **DIRECTED** to enter default against Jennifer Gail Crawford.

3. Default against Defendant Christopher Paul Chappell is **GRANTED**. The Clerk of Court is **DIRECTED** to enter default against Christopher Paul Chappell.

4. Default against the Estate of Mary Chappell is **DENIED WITHOUT PREJUDICE**. Plaintiff may file a renewed motion in accordance with this order, or, alternatively, may re-serve this Defendant.

**DONE** and **ORDERED** in Orlando, Florida on March 31, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE