UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ARMED FORCES RELIEF AND
BENEFIT ASSOCIATION,**

          **Plaintiff,**

v.                                          Case No: 6:21-cv-1404-CEM-EJK

**SHERRYL CHAPPELL, JENNIFER
CRAWFORD, CHRISTOPHER
CHAPPELL, ESTATE OF MARY
CHAPPELL, CECELIA OWENS,
ASHLEE MOATS, and GEORGE
CHAPPELL, JR.,**

          **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Application to Clerk for Entry of Default (the "Motion"), filed December 5, 2023. (Doc. 42.) Therein, Plaintiff requests a clerk's default against Defendant, the Estate of Mary Chappell (hereinafter the "Estate"). (*Id.* at 1.) For the reason set forth below, the Motion is due to be denied.

### I.    BACKGROUND

Plaintiff filed this interpleader action against Mary Chappell and other Defendants, pursuant to 28 U.S.C. § 1335, to resolve conflicting claims to a $50,000 life insurance policy issued by Plaintiff to decedent George Chappell. (Doc. 1 ¶¶ 11–19.) On March 31, 2023, the Court entered an Order denying Plaintiff's Motion for

Entry of Clerk's Default against the Estate because the Affidavit of Service did not provide adequate information to establish that the Estate was properly served.

## II. STANDARD

"[W]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III. DISCUSSION

Plaintiff's Motion is still deficient for several reasons, which the Court will now discuss in turn. The most glaring issue is the Affidavit of Service, which states that Lyndsi Tallman, whom Plaintiff asserts in the Motion is the "attorney of record for the Estate of Mary Chappell," was served the "Interpleader Document." (Docs. 29 at 1, 42 at 1.) This is improper because the Federal Rules of Civil Procedure require "[a] summons be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).

The next issue is that Plaintiff does not present evidence that satisfies the Court that Lyndsi Tallman is the attorney of record for the Estate. The last representation Plaintiff made to the Court regarding control of the Estate was in Plaintiff's Motion for Substitution of Party, in which Plaintiff represented to the Court that Bryson Kirksey was appointed as the personal representative of the Estate, but was

withdrawing. (Doc. 19 at 2.) Furthermore, Plaintiff provides the Court with no authority to establish that service of process is valid when the attorney of an estate is served with process. According to the Federal Rules of Civil Procedure, Plaintiff may deliver a copy to an agent authorized by appointment or by law to receive service of process—the appointed personal representative—or may elect to effectuate service of process under Florida or Tennessee law since the action is filed in Florida and the Estate is located in Tennessee. Fed. R. Civ. P. 4(e)(1), (e)(2)(C).

The next attempt at service will be Plaintiff's third attempt, and likely the last opportunity the Court will provide to get it right. The Court urges Plaintiff to review the Federal Rules of Civil Procedure, review Florida and Tennessee laws on how to effectuate service of process on an estate, and strictly follow the procedures set forth therein. Any motion must specifically set forth how those procedures have been satisfied, and Plaintiff must provide citations to factually similar cases to support its position.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Clerk for Entry of Default (Doc. 42) is **DENIED without prejudice**.

2. Plaintiff has through and until **April 15, 2024**, to effectuate service on Defendant, the Estate of Mary Chappell.

**DONE** and **ORDERED** in Orlando, Florida on March 14, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE